The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hoag. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the parties at all relevant times.
3. Burlington Industries is self-insured with Crawford and Company as the adjusting agent.
4. The date of plaintiff's alleged injury was 3 August 1992.
5. Plaintiff's average weekly is to be determined.
6. The parties stipulated to medical records contained in the back of the deposition of Dr. James A. Sanders and also to 11 pages of additional medical records.
7. The issues for consideration are whether or not plaintiff sustained a compensable injury by accident and to what, if any, benefits is plaintiff entitled.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is 56 years old and in 1993 was employed by defendant-employer as a spinning doffer.
2. Plaintiff has a history of accidents. In July of 1992, plaintiff was involved in a motorcycle accident in which he injured his right big toe and his left hip. As a result of this motorcycle accident plaintiff was out of work for approximately one month from mid-June 1992 to mid-July 1992.
3. Plaintiff went to the emergency room of Gaston Memorial Hospital on 4 August 1993 complaining of left wrist and left hip pain. He reported to the emergency room physician a history of injury to his left hip dating back some six months or so. The attending physician diagnosed "DJD, low back."
4. Plaintiff reported to Eva Anne Via, the plant nurse, on 6 August 1993, that he had fallen while installing carpet at his home on 4 August 1993. Ms. Via wrote up a report at that time.
5. On 13 August 1993, plaintiff presented to Dr. Sanders complaining of left hip and back pain. Plaintiff related his injury to a motorcycle accident and did not relate any traumatic injury or any work-related injury to Dr. Sanders.
6. On 23 August 1993, plaintiff signed a claim for disability benefits with defendant-employer, indicating that he was experiencing hip pain which resulted from a "bike injury." Plaintiff utilized the words "bike injury" to both his physician and on company documents when referring to that accident.
7. Plaintiff continued to receive treatment from Dr. Sanders. On 6 December 1993, plaintiff made the first reference to Dr. Sanders regarding his injury allegedly being work related. However, at that time, plaintiff could not identify a specific episode when he may have been hurt.
8. On 20 December 1993, Dr. Sanders released plaintiff to work beginning on 22 December 1993.
9. However, plaintiff did not return to work on 22 December 1993. The plant was closed for the holiday season from 23 December to 26 December 1993. Plaintiff did not report to work either on 27 December or 28 December 1993. In fact, plaintiff did not appear at work until 4 January 1994 when he reported to the personnel manager, Ms. Joyce Bradley, that his absences were due to car trouble.
10. Plaintiff, when failing to report to work violated the defendant-employer's policy regarding mandatory termination after three days when there was neither an explanatory call from the employee nor presence at work. The decision was made for the termination to be effective as of the third day that plaintiff failed to report to work which was 28 December 1993.
11. On 24 March 1994, plaintiff, through counsel, filed a Form 18 Notice of Accident with the Industrial Commission claiming that he injured his lower back on an "unknown" day in July, 1992.
12. On 2 March 1995, plaintiff, through counsel, filed a Form 33 Request for Hearing alleging an injury to his lower back on 1 July 1992.
13. Plaintiff's testimony regarding his alleged injury by accident arising in the course and scope of employment is simply not credible. He has alleged at different times all the following dates of injury: an unknown day in July, 1992, 1 July 1992, sometime in August of 1993, on or about 3 August 1993, and sometime in July of 1993. No notice was provided to defendant-employer within 30 days of any of these widely varying dates. However, defendant-employer was not unduly prejudiced by plaintiff's failure to give notice.
14. Joyce Bradley and Eva Anne Via are unaware of any work-related injury which plaintiff suffered at any time. The only injuries of which the company nurse, Ms. Via was aware, are plaintiff's injury while installing carpet at his home on 4 August 1993, reported on 6 August 1993 to her and his injury to his hip and toe by virtue of a "bike" accident in July of 1992.
15. There is no substantiation of a work-related injury sustained by the plaintiff in either hospital or medical reports. The emergency room note of 4 August 1993, only indicates that plaintiff was reporting a left wrist and left hip problems. At the hearing plaintiff testified that he had injured his wrist when he fell installing carpeting, thus corroborating the plant nurse's report.
16. Plaintiff did not report any work related injury to Dr. Sanders on his initial visit of 13 August 1993. Dr. Sanders' medical notes contain information about his hip pain being related to the "bike" accident. Plaintiff did not indicate to Dr. Sanders any direct traumatic injury.
17. Plaintiff also signed a claim for disability benefits on 23 August 1993, relating the hip pain to his "bike" injury.
18. The preponderance evidence of record including nurse's notes, medical records of Dr. Sanders, disability claim forms and testimony of both Joyce Bradley and Eva Via clearly indicate that plaintiff was experiencing hip pain, non-attributable to any work injury, but rather to a past or prior "bike" injury and later to a fall installing carpet at home.
19. Since plaintiff has repeatedly changed his story regarding when he was allegedly injured at work and the nature of his illness, his testimony is not credible.
20. It was not until 1994, after plaintiff had been terminated from his job that he began to mention a specific traumatic incident which had resulted in an injury to his lower back while working as a doffer. Plaintiff asserted in March, 1994, that on 3 August 1993, he had caught his foot in the machine and was flipped over onto his back. Plaintiff admitted, however, that there were no witnesses to his injury.
21. Plaintiff has stated that he was operating his spinning doffer machine and was bearing down on a frame with his left foot. He claims that the frame slipped off his foot, going upwards. Plaintiff allegedly tried to catch the frame with his foot but instead was thrown into the air and landed flat on his back.
22. It is significant that plaintiff's complaints to Dr. Sanders in 1993, consisted mainly of left hip discomfort. There is some minor reporting of back pain; however, diagnostic tests of the lumbosacral spine were negative.
23. Although Dr. Sanders did not rule out a herniated disc in 1993, and early 1994, an MRI scan of the lumbosacral spine revealed only a small disc with osteophytic spurring at L5-S1 on the left. Later in January Dr. Sanders reviewed plaintiff's MRI scan again and noted fairly large osteophytic spurring at L5-S1 but no significant indication of spinal stenosis. The disc at L5-S1 appeared to be primarily a hard disc. Dr. Sanders did not advise surgery at that time. In October 1994, Dr. Sanders recommended plaintiff have a lumbar myelogram and a post-myelogram CT of his lumbar spine. On 11 October 1994, Dr. Sanders diagnosed plaintiff as having a herniated disc at L5-S1 on the left. At that time Dr. Sanders felt there was probably some chance that plaintiff's condition would be improved by surgery.
24. The history and physical examination discharge summary dated 11 October and dictated 4 November 1994, indicates that plaintiff came to the hospital for a lumbar myelogram and limited CT. The medical records reference that plaintiff had previous back problems and that he had been seeing Dr. Sanders intermittently for a year. Plaintiff presented to Dr. Sanders in October, 1994 complaining of much worse pain than he had previously experienced. Plaintiff had been terminated by defendant-employer at the end of 1993, and some nine months had elapsed before his pain had increased and before the herniated disc was diagnosed. Plaintiff's worsening of condition occurred subsequent to his work at defendant-employer's.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
1. Plaintiff failed to prove by a preponderance of the competent credible evidence of record that he suffered a compensable injury to his back by way of specific traumatic incident in the course and scope of his employment with defendant-employer. Since plaintiff did not suffer an injury by accident he is not entitled to any workers' compensation benefits for temporary total disability or medical expenses relating to his herniated nucleus pulposis.
******************
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must be and hereby is DENIED.
2. Plaintiff and defendant shall split the costs.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ COY M. VANCE COMMISSIONER
DCS:jmf